IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FOUNDERS INSURANCE COMPANY,  )   CIVIL 14-00312 LEK-BMK
                             )
          Plaintiff,         )
                             )
     vs.                     )
                             )
KIM & JON, INC.,             )
                             )
          Defendant.         )
_____)

### ORDER DENYING DEFENDANT/THIRD-PARTY PLAINTIFF
### KIM & JON, INC.'S MOTION FOR RECONSIDERATION

On February 27, 2015, this Court issued its Order Granting in Part and Denying in Part Plaintiff Founders Insurance Company's Motion for Summary Judgment and Granting Third-Party Defendant the Burlington Insurance Company's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("2/27/15 Order").[1] [Dkt. no. 58.[2]] On March 13, 2015, Defendant/Third-Party Plaintiff Kim & Jon, Inc. ("K&J") filed its motion for reconsideration of the 2/27/15 Order ("Motion for Reconsideration"). [Dkt. no. 62.] On March 27, 2015, Founders and Burlington each filed its memorandum in opposition to the

---

[1] On November 4, 2014, Plaintiff Founders Insurance Company ("Founders") filed its Motion for Summary Judgment ("Founders Motion") and, on December 1, 2014, Third-Party Defendant The Burlington Insurance Company ("Burlington") filed its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Burlington Motion," collectively "Summary Judgment Motions"). [Dkt. nos. 27, 35.]

[2] The 2/27/15 Order is also available at 2015 WL 880585.

Motion for Reconsideration and, on April 10, 2015, K&J filed its reply. [Dkt. nos. 64, 65, 66.] After careful consideration of the motion, the supporting and opposing memoranda, and the relevant legal authority, the Court HEREBY DENIES the Motion for Reconsideration for the reasons set forth below.

## BACKGROUND

In the 2/27/15 Order, this Court, *inter alia*:

(1) applied the factors set forth in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), and Government Employees Insurance Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998), and concluded that it would be proper to retain jurisdiction over this declaratory judgment action; 2015 WL 880585, at *4-5;

(2) found that the underlying state complaint ("State Complaint"), filed by Darius Davis ("Davis") against Claude Custard ("Custard") and K&J, alleged a negligent shooting claim sufficient to bring it within Founders policy number ELHI100022 ("Founders Policy") and Burlington policy number 087B005102 ("Burlington Policy," collectively "Policies"), pursuant to the complaint allegation rule; id. at *5-7;

(3) concluded that, because under Hawai`i law neither "assault" nor "battery" requires intent, all claims from the State Complaint would fall within Exclusion K of the Founders Policy, and thus Founders has no duty to defend; id. at *7-9;

(4) concluded that, based on Exclusion BG-11 of the Burlington Policy and the definitions of "assault" and "battery" therein, all claims from the State Complaint are excluded from the policy, and thus Burlington has no duty to defend; id. at *8-9;

(5) concluded that, since the language in Exclusion K and Exclusion BG-11 is clear and conspicuous, the "reasonable expectation principle" does not apply and K&J is bound by the terms of the Policies; id. at *9-10; and

(6) since there is no duty to defend, neither Founders nor Burlington owes K&J a duty to indemnify, and thus granted

2

summary judgment for Founders as to Counts I and II of the Complaint, and for Burlington as to Counts I and II of the Third-Party Complaint; id. at *10.

In the instant Motion for Reconsideration, K&J argues that the Court made manifest errors in defining the terms "assault" and "battery" and in applying the complaint allegation rule as to require reconsideration of the 2/27/15 Order.[3]  [Mem. in Supp. of Motion for Reconsideration at 3-4.]  K&J requests that the Court vacate the 2/27/15 Order.  [Id. at 10.]

**STANDARD**

This Court recently explained the standard for reconsideration:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).  The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civil No.

---

[3] K&J includes three sentences arguing that the Policies are ambiguous and that ambiguity precludes summary judgment as to K&J's reasonable expectations claim.  [Mem. in Supp. of Motion for Reconsideration at 7-8.]  The Court already rejected this argument, and K&J does not provide any factual or legal argument that this ruling was erroneous, let alone manifestly erroneous.

3

12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai`i Jan. 21, 2015) (some citations omitted). "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citation omitted).

**DISCUSSION**

The crux of K&J's argument is that the Court erred in finding that assault and battery require intent, because it relied in part on the criminal definition of "battery" and did not consult the Restatement (Second) of Torts.[4] [Mem. in Supp. of Motion for Reconsideration at 4-7.] As the Court pointed out in the 2/27/15 Order, the sum and substance of K&J's argument on this issue in its memoranda in opposition to the Summary Judgment Motions was:

> "A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person." HRS § 707–710 (Lexis 2014) (emphasis added). Moreover, "'Battery', is an unlawful touching of another person without his [or her] consent." Ozaki v. Ass'n of Apt. Owners, 87 Hawai`i 273, 289, 954 P.2d 652, 668 (App. 1998) (citations and quotation marks omitted). In the words of the Hawai`i courts, "[s]ince battery is a matter of the worst kind of intentions, it is a tort which frequently justifies punitive damages." Id. (emphasis added).

---

[4] Insofar as K&J implies that this argument applies to the ruling on the Burlington Motion, it is mistaken. In the 2/27/15 Order, the Court granted the Burlington Motion based on the definitions and exclusions supplied within the Burlington Policy.

4

> . . . .
>
> . . . . In neither [negligence theory] could it be said that Custard committed an assault and battery necessary for the exclusion to apply.

2/27/15 Order, 2015 WL 880585, at *7 (quoting Mem. in Opp. to Founders Motion at 14, 16). Attempting to make up for that deficit, K&J now spends nearly four pages making the same arguments, but citing to different sources that were clearly available when it first filed its memoranda in opposition to the Summary Judgment Motions. This is improper for a motion for reconsideration. See, e.g., In re Collins, Civil No. 14-00453 SOM/BMK, 2014 WL 7185358, at *1 (D. Hawai`i Dec. 15, 2014) ("reconsideration may not be based on . . . legal arguments that could have been presented at the time of the challenged decision" (citation omitted)).

Even if it were proper, the new citations provide little support for K&J's position. Regarding the definition of "assault," K&J argues that the Court's use of the Hawai`i statutory definition of criminal assault was manifest error.[5] Instead, it offers the Restatement (Second) of Torts, arguing that, where there is no Hawai`i case defining assault, Hawai`i courts look to the restatement. [Mem. in Supp. of Motion for

---

[5] K&J concedes that its sole basis for the argument in its memorandum in opposition to the Summary Judgment Motions was a Hawai`i criminal statute. [Mem. in Supp. of Motion for Reconsideration at 5 n.2.]

5

Reconsideration at 5-6.] As K&J acknowledges, the applicable section provides:

> (1) An actor is subject to liability to another for assault if
>
> > (a) he acts **intending to cause** a harmful or offensive contact with the person of the other or a third person, or **an imminent apprehension of such a contact**, and
> >
> > (b) the other is thereby put in such imminent apprehension.
>
> (2) An action which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm.

Restatement (Second) of Torts § 21 (emphases added). This definition clearly encompasses K&J's theories that Custard accidentally or negligently shot Davis. K&J cannot, and does not, deny that Custard and Davis were in an altercation that escalated into a shooting. [State Complaint at ¶¶ 18, 20.] This is not a case where Custard was negligent in carrying a loaded weapon while drinking alcohol and then the firearm simply discharged accidentally when he was passing an innocent passerby, which might be covered by § 18(2).[6] Thus, even applying K&J's

---

[6] Nor does Restatement (Second) of Torts § 32, which K&J also cites, change this conclusion. See § 32(1) ("To make the actor liable for an assault, the actor **must have intended to** inflict a harmful or offensive contact upon the other or to **have put the other in apprehension of such contact**." (emphases
(continued...)

6

definition for "assault," the claim would fall within Exclusion K and not be covered.

Regarding "battery," K&J now cites to Adams v. Dole Food Co., 132 Hawai`i 478, 491, 323 P.3d 122, 135 (Ct. App. 2014) (quoting Williams v. Aona, 121 Hawai'i 1, 13, 210 P.3d 501, 513 (2009)), for the proposition that, "'[a] defendant causes battery when he or she intentionally causes bodily contact to the plaintiff in a way not justified by the plaintiff's apparent wishes or by a privilege, and the contact is in fact harmful or against the plaintiff's will.'"[7] While in isolation this quotation appears to support K&J's position, when read in context, Adams supports the Court's interpretation of "battery."

In Adams, agricultural workers brought suit against their employer, Dole, for injury resulting from exposure to chemical pesticides. 132 Hawai`i at 480, 323 P.3d at 124. The plaintiffs included an intentional tort claim, which the trial court dismissed as not cognizable. Id. at 490, 323 P.3d at 134. The appellate court reversed, finding that it stated a claim for battery. The court quoted from Williams, but also the

---

    [6](...continued)
added)).

    [7] K&J also quotes Ozaki v. Ass'n of Apartment Owners, 87 Hawai`i 273, 289, 954 P.2d 652, 668 (Ct. App. 1998), and acknowledges that it cited Ozaki in its memoranda in opposition. The Court already analyzed Ozaki in the 2/27/15 Order and reasoned that it does not support K&J's position. 2015 WL 880585, at *8.

7

Restatement (Second) of Torts. The pertinent section – also quoted by the <u>Adams</u> court – provides:

> (1) An actor is subject to liability to another for battery if
>
> > (a) **he acts intending to cause** a harmful or offensive contact with the person of the other or a third person, or **an imminent apprehension of such a contact,** and
> >
> > (b) an offensive contact with the person of the other directly or **indirectly** results.
>
> (2) An act which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for a mere offensive contact with the other's person although the act involves an unreasonable risk of inflicting it and, therefore, would be negligent or reckless if the risk threatened bodily harm.

Restatement (Second) of Torts § 18 (1965) (emphases added).[8] The Restatement, therefore, does not require intent to harm or touch to prove battery.

Likewise, the facts of <u>Adams</u> show that battery does not require intent to make contact. The appellate court reasons immediately after quoting the Restatement: "Plaintiffs' intentional tort claim alleges that the Dole Defendants, . . . intentionally exposed [the plaintiffs] to [the pesticides] knowing of the hazards posed by the chemical and knowing of the hazards posed by the method of application utilized. This is sufficient to allege a non-futile battery

---

[8] K&J also cites to § 18 approvingly. [Mem. in Supp. of Motion for Reconsideration at 6 n.3.]

8

claim." Adams, 132 Hawai`i at 492, 323 P.3d at 136.  The Court therefore CONCLUDES reconsideration of its conclusion – that the State Complaint must fall within Exclusion K – is unwarranted because neither assault nor battery requires intent to harm or touch.

Related to its "assault" and "battery" argument, K&J argues, in essence, that the Court misread or did not properly apply Great Southwest Fire Insurance Co. v. H.V. Corp., 3 Haw. App. 664, 658 P.2d 337 (1983).  [Mem. in Supp. of Motion for Reconsideration at 8-10.]  K&J argues that Great Southwest stands for the proposition that "if an insurer seeks to avoid coverage due to an 'assault/battery' exclusion, there must be sufficient facts in the record to indicate that an assault and/or battery actually occurred" and that this rule is "entirely consistent" with the complaint allegation rule.  [Id. at 8-9.]

The Court already considered this argument and rejected it.  2/27/15 Order, 2015 WL 880585, at *9 n.12.  Whether or not Great Southwest has been expressly overruled, the rule it purportedly states, that the insurer must show that the assault actually occurred, is inconsistent with the well-established rule that the insurer must "prove that it would be **impossible** for the [claimant] to prevail against [the insured] in the underlying lawsuit[] on a claim covered by the policies." Tri-S Corp. v. W. World Ins. Co., 110 Hawai`i 473, 488, 135 P.3d 82, 97 (2006)

9

(brackets and emphasis in Tri-S). It would make no sense to require the insurer to prove the assault if, even if the assault had occurred, it would not be covered. That is precisely the case here. The Court thus again rejects K&J's argument on this point, and denies the Motion for Reconsideration on this issue.

This Court therefore CONCLUDES that Plaintiff has failed to identify any ground which warrants reconsideration of the 2/27/15 Order, and therefore DENIES the Motion for Reconsideration.

## **CONCLUSION**

On the basis of the foregoing, K&J's Motion for Reconsideration of the Order Granting in Part and Denying in Part Plaintiff Founders Insurance Company's Motion for Summary Judgment and Granting Third-Party Defendant The Burlington Insurance Company's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, filed March 13, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, APRIL 30, 2015



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FOUNDERS INSURANCE COMPANY VS. KIM & JON, INC.; CIVIL 14-00312 LEK-BMK; ORDER DENYING DEFENDANT/THIRD-PARTY PLAINTIFF KIM & JON, INC.'S MOTION FOR RECONSIDERATION**